**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CAMPAIGN LEGAL CENTER,<br><br>                         *Plaintiff*,<br>          v.<br><br>HERITAGE ACTION FOR AMERICA,<br><br>                         *Defendant*. | Case No. 1:22-cv-01248 (CJN) |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Campaign Legal Center ("CLC") respectfully notifies the Court of a recently issued decision of the United States Supreme Court bearing on the jurisdictional arguments presented by Defendant's pending Motion to Dismiss (ECF Nos. 20, 20-1), which Plaintiff has opposed (ECF No. 23).

In *Wilkins v. United States*, the Supreme Court held that the Quiet Title Act's time limit, 28 U. S. C. § 2409a(g), is a nonjurisdictional claims-processing rule. 598 U. S. ____ (2023) (slip op., at 4-5).[1] In so holding, the Court established a "clear statement rule" for statutory jurisdictional limitations. *Id.* at 3 ("[T]his Court will 'treat a procedural requirement as jurisdictional only if Congress clearly states that it is.'") (quoting *Boechler v. Commissioner*, 142 S. Ct. 1493, 1497 (2022)). Because § 2409a(g) lacks such a jurisdictional clear statement, it is a claims processing rule. *Id.* at 5.

In its opinion, the Court "emphasized the distinction between limits on 'the classes of cases a court may entertain (subject-matter jurisdiction)' and 'nonjurisdictional claim-processing rules, which seek to promote the orderly progress of litigation by requiring that the parties take certain

---

[1]        Available at https://www.supremecourt.gov/opinions/22pdf/21-1164_7li8.pdf.

procedural steps at certain specified times.'" *Id.* at 3 (quoting *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019)). The Court explained that this distinction is important because "[l]oosely treating procedural requirements as jurisdictional risks undermining the very reason Congress enacted them." *Id.* at 3. While procedural rules promote orderly litigation, jurisdictional limitations "have a unique potential to disrupt the orderly course of litigation." *Id.* Because "jurisdictional bars . . . may be raised at any time and courts have a duty to consider them sua sponte . . . [w]hen eleventh-hour jurisdictional objections prevail . . . many months of work on the part of the attorneys and the court may be wasted." *Id.* at 4 (internal quotations omitted).

For this reason, "courts will . . . not assume that in creating a mundane claims-processing rule, Congress made it 'unique in our adversarial system' by allowing parties to raise it at any time and requiring courts to consider it sua sponte." *Id.* (quoting *Sebelius v. Auburn Regional Medical Center*, 568 U. S. 145, 153 (2013)). As a result, "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Id.* (quoting *United States v. Kwai Fun Wong*, 575 U. S. 402, 410 (2015)).

The Supreme Court's ruling demonstrates that the statutory prerequisites for filing a citizen enforcement suit set forth in the Federal Election Campaign Act ("FECA") are not jurisdictional and is contrary to Heritage Action's claim that this Court lacks subject-matter jurisdiction to hear this case, *see*, *e.g.*, ECF No. 20-1 at 21-29. As with the Quiet Title Act, Congress made no clear statement that FECA's citizen suit prerequisites are jurisdictional. *See* 52 U.S.C. § § 30109(a)(8)(c).

Dated: March 28, 2023                                Respectfully submitted,

/s/ Molly E. Danahy
Adav Noti (DC Bar No. 490714)
Kevin P. Hancock (DC Bar No. 90000011)
Molly E. Danahy (DC Bar No. 1643411)
Hayden Johnson (DC Bar No. 1671830)
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
anoti@campaignlegal.org
khancock@campaignlegal.org
mdanahy@campaignlegal.org
hjohnson@campaignlegal.org